**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| United States of America, | ) |
|     Plaintiff, | ) |
|     v. | )    Case No. 5:19 MJ    08003 |
| Precision Herbs LLC, | ) |
| Original Design Wellness Center, | ) |
| Sharon Overman | ) |
| Eric Pierce, | ) |
|     Defendant. | ) |

**MOTION OF SHARON OVERMAN
TO BE EXCUSED FROM PERSONAL APPEARANCE**

COME NOW Defendants Sharon Overman and Defendant Precision Herbs LLC (hereinafter "Precision Herbs"), by and through there undersigned attorney, and for their motion to be excused from personal appearance, state as follows:

1. Ms. Overman is charged in this matter with refusal of a U.S.D.A. inspection and introduction of adulterated drugs and devices.  At the times relevant to the charges she was retired, physically disabled and had very limited participation in the day-to-day operations of the business, Precision Herbs.

2. Ms. Overman, Precision Herbs and the other defendants in this matter will all be pleading guilty to the charges at the arraignment.  They all are submitting signed, detailed written, plea agreements, drafted by the United States Attorney in conjunction with defense counsel.  The detailed plea agreements comprehensively set out the provisions of the plea agreements and contain written pleas of guilty and are signed by Defendant Overman on her personal behalf and as representative of the business, Precision Herbs.  Ms. Overman does not request to comment on the charges.  The written plea agreements contain full and detailed allocution of the details of the conduct and intent evidencing the crime.  The U.S. and the defendants have agreed on

recommended punishment circumstances.  Everything Ms. Overman would say or do at the court appearance is contained in the written plea agreement, as evidence by her and U.S. attorney's agreement on its terms and text.  Filing and submission of the written plea agreements for defendants Overman and Precision Herbs will satisfy any necessity that Ms. Overman appear and speak at the court appearance.

    3.  In light of the above preparations by the parties in the written plea agreements, it is not necessary that Ms. Overman endure the arduous trek to the court in Ohio from her home in Bonnots Mill, Missouri, a trip of over 800 miles.  Ms. Overman has substantial, debilitating physical and medical limitations which make travel of such magnitude all but impossible.  Consequently, defendant Overman prays an order from the court excusing her from appearing at the arraignment in person.

    4.  Defendant Sharon Overman is a 75 year old widow who is walker and wheelchair bound by severe osteoarthritis, morbid obesity, hypertension, chronic dependent edema, and inoperable permanent joint disruption bilateral ankles.  She suffers from hyperactive bladder and chronic bladder incontinence.  She cannot walk up stairs, wears a brace on her foot at all times, and cannot ride in any seat in a car other than the special driver's seat in her car.

    5.  Ms. Overman never travels more than 15 miles from home.  The trip to court is over 800 miles by car.  The nearest airport to her home is over 30 miles away and is so small that she would have to change planes at least once to fly to Ohio.  Also, planes at this airport use exposed stairs to board the plane which she could not climb.  The nearest direct-flight airport is over 100 miles and two hours by car.  For years she has been too infirmed, large, immobile and of limited ability to walk, sit and stand, to traverse the airport and board without wheel chair assistance and to fly via anything but a first-class size, aisle seat.  It has been several years since she tried and likely

could not fly now even with these accommodations and assistance. Her ticket would be very costly and she would need to pay for another person to travel with her to assist her in attempting the trip. In short, traveling to the court in Ohio would be very traumatic and expensive for Ms. Overman and perhaps physically and medically damaging.

6. The undersigned counsel has personal knowledge of Ms. Overman's infirmities and limitations described above and can confirm that they are real and very, very limiting.

7. Defendant Overman prays an order from the Court excusing her from appearing personally at the arraignment to enter her plea and the plea of Precision Herbs. If the Court is not inclined to grant this request, in the alternative, Defendant Overman prays an order from the Court allowing her to attend by video conference. Her counsel would plan to attend with her by video conference or could attend in person, as the court prefers. If the video conference originated in a federal courthouse, the United States Court House for the Central Division of the Western District of Missouri, located Jefferson City, Missouri, less than 20 miles from Ms. Overman's home has handicap accommodations that would allow her attendance. There are other video conference locations available in Jefferson City. Whether the Central Division would allow the video conference has not yet been investigated.

8. Ms. Overman has no desire to complicate these proceedings but has real and substantial limitations which limit her physical mobility and the 800 mile trip to court poses a real medical danger to her. Eric Pierce, the other individual defendant will be present in court and was involved in and an owner of both defendant business and he can answer any factual questions arising during the plea hearing. If a presence representing Ms. Overman or Precision Herbs is necessary or desirable, the undersigned counsel can satisfy that need either personally or by video conference.

9. This request has been discussed generally with the Assistant U.S. Attorney handling the case.  He will speak for himself and his office but generally, while not ruling it out, he seemed reluctant to agree to no appearance but was open to the video appearance.  I do not mean to suggest these are formally the position of the office or the individual.

10. To be clear, Defendants Overman and Precision Herbs request that Ms. Overman be excused from personal appearance at the plea hearing of this matter.  If the court is not inclined to grant that request, much, although not all, of the hardship and risk to Ms. Overman's person and health can be overcome by permission for her to attend by video conference from Jefferson City, Missouri.  This would still require travel by an essentially home-bound 75-year-old, immobile woman, but likely can be accomplished.  Any accommodation the Court is willing to provide would be greatly appreciated.

WHEREFORE Defendant Sharon Overman and Precision Herbs pray an order from the Court excusing her from appearing personally at the arraignment and plea hearing of these matter and allowing her to appear by written documents, or in the alternative, that she be allowed to appear by video conference, or for such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED,

KENT L. BROWN, P.C.

BY: /s/ *Kent L. Brown*

Kent L. Brown
Missouri Law Center
621 E. McCarty Street, Suite D
Jefferson City, MO  65101

Telephone:  573-418-9383
Email:  KLB@MoLawCenter.com

<u>Certificate of Service</u>

I do hereby certify that the foregoing pleading has been served upon all other counsel of record by electronic mail and by the court's electronic filing system at their designated addresses of record.

/s/ *Kent L. Brown*